UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
RUBEN R. HURTADO, JR.,           )
                                 )    2:09-cv-01508-GEB-EFB
              Plaintiff,         )
                                 )    ORDER TO SHOW CAUSE
      v.                         )    AND CONTINUING STATUS
                                 )    (PRETRIAL SCHEDULING)
WASHINGTON MUTUAL BANK, FA,      )    CONFERENCE
et al.,                          )
                                 )
              Defendants.        )
                                 )
```

An Order Setting Status (Pretrial Scheduling) Conference was filed June 2, 2009, in which a status conference was scheduled in this case on August 24, 2009, and a joint status report was required to be filed no later than fourteen days prior to the status conference. The Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on October 5, 2009, why sanctions should not be imposed against him or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. Plaintiff shall also state in the written response whether Plaintiff or his counsel is at fault, and whether a

1

1  hearing is requested on the OSC.[1]  If a hearing is requested, it will
2  be held on October 19, 2009, at 9:00 a.m., just prior to the status
3  conference, which is rescheduled to that date.  In accordance with the
4  requirements set forth in the June 2, 2009, Order, a joint status
5  report shall be filed no later than fourteen days prior to the status
6  conference.

7            IT IS SO ORDERED.

8  Dated:  August 13, 2009

                                   _____
                                   GARLAND E. BURRELL, JR.
                                   United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).