IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RUBEN R. HURTADO, JR.,<br>        Plaintiff,<br>    v.<br>WASHINGTON MUTUAL BANK, FA, a Washington Corporation, CALIFORNIA RECONVEYANCE COMPANY, a California Corporation, and DOES 1 - 10,<br>        Defendants. | 2:09-cv-01508-GEB-EFB<br><br>ORDER IMPOSING SANCTIONS; OSC; SETTING STATUS CONFERENCE |

        Plaintiff and his lawyer were issued an Order to Show Cause on August 14, 2009 ("August 14 OSC"), which required them to explain why sanctions should not be imposed for Plaintiff's failure to file a timely status report.  Since no timely status report was filed, the status conference was rescheduled to October 19, 2009, and Plaintiff was required to file a status report no later than fourteen days prior to the October 19 status conference.

        Plaintiff and his lawyer failed to respond to the August 14 OSC, and have not filed a status report required by the August 14 OSC.

        "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . .  Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.

1

1  1992) (internal citation and quotations omitted); see also <u>Ayers v.</u>
2  <u>City of Richmond</u>, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming
3  sanction of lawyer for failure to attend a settlement conference
4  because **"the date 'slipped by him'"**) (emphasis added).  "The cogs of
5  the wheel of justice move much more smoothly when attorneys who
6  practice in this court follow the rules of practice and procedure
7  . . . ."  <u>Dela Rosa v. Scottsdale Memorial Health Systems, Inc.</u>, 136
8  F.3d 1241, 1244 (9th Cir. 1998).

9  Since Plaintiff's counsel failed to file a timely status
10 report, and did not respond to the August 14 OSC, Plaintiff's attorney
11 John W. Villines and/or JV Law is sanctioned four hundred dollars
12 ($400.00) for failure to timely file a status report.  This sanction
13 shall be paid to the Clerk of this Court within ten (10) days from the
14 date on which this Order is filed by a check made payable to the
15 "United States Treasury."  Proof of payment shall be sent to the
16 undersigned judge's chambers within five (5) days of payment.  This
17 sanction is personal to counsel or his law firm and shall not be
18 transmitted to counsel's client.

19 Further, since Plaintiff also failed to file a status report
20 on October 5, 2009, required by the August 14 OSC, Plaintiff and his
21 lawyer are Ordered to Show Cause ("OSC") in a writing to be filed no
22 later than 4:00 p.m. on October 15, 2009, why sanctions should not be
23 imposed against his and/or his counsel under Rule 16(f) of the Federal
24 Rules of Civil Procedure for failure to file a timely status report.
25 The written response shall also state whether Plaintiff or his counsel
26 is at fault, and whether a hearing is requested on the OSC.[1]  If a

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

hearing is requested, it will be held on November 16, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the June 2, 2009 Initial Scheduling Order, a status report shall be filed no later than fourteen days prior to the status conference.

Also, Plaintiff shall show cause in a writing to be filed no later than 4:00 p.m. on October 15, 2009, why this action should not be dismissed because of his failure to comply with two orders requiring that a status report be filed.

Lastly, the Doe defendants are dismissed, since timely justification has not been filed warranting Doe defendant allegations remaining in this case.

IT IS SO ORDERED.

Dated: October 8, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).